25699. BROWN, administrator, v. NEW YORK LIFE INSURANCE CO.

BROYLES, C. J. 1. "Under the stipulation in the contract of insurance sued on, to the effect that if 'the insured shall . . furnish proof satisfactory to the company that he has become totally and permanently disabled from any cause, . . the company, on receipt of such proof, will by suitable endorsement of this agreement waive payment of the premiums thereafter falling due under said policy and this agreement during the continuance of such disability,' such proof was a condition precedent to such waiver, and the fact that because of his *insanity* the insured could not make proof, and that *no one else could make such proof for him for the reason that no one knew that he had such policy of insurance*, did not have the effect of keeping the policy of insurance in force until his death more than a year from the time of such total disability." (Italics ours.) *Northwestern Mutual Life Ins. Co. v. Dean*, 43 *Ga. App.* 67 (157 S. E. 878); *Dean v. N. W. Mut. L. Ins. Co.*, 175 *Ga.* 321 (165 S. E. 235); and cit.; *Hipp v. Fidelity Mutual Life Ins. Co.*, 128 *Ga.* 491 (2, 3), 497, 498 (57 S. E. 892, 12 L. R. A. (N. S.) 319), and cit.; Richards on Insurance (4th ed.), § 358.

2. Under the preceding ruling and the facts of the instant case, the petition failed to set out a cause of action, and was properly dismissed on general demurrer.

*Judgment affirmed. MacIntyre, and Guerry, JJ., concur.*

DECIDED NOVEMBER 6, 1936.

*George Richard Jacob, Smith & Culpepper,* for plaintiff.
*Bonneau Ansley, Bryan, Middlebrooks & Carter,* for defendant.